The STATE, ex rel. CORDER, Appellee,

v.

WILSON, Supt., et al., Appellants.

[Cite as *State, ex rel. Corder, v. Wilson* (1991), 68 Ohio App.3d 567.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–236.

Decided Aug. 8, 1991.

*Randall M. Dana,* Ohio Public Defender, and *Thomas R. Wetterer, Jr.,* for appellee.

*Lee I. Fisher,* Attorney General, and *Samuel N. Lillard,* for appellants.

WHITESIDE, Judge.

Respondents-appellants, George W. Wilson and Ohio Adult Parole Authority, appeal from a judgment of the Franklin County Court of Common Pleas granting a writ of mandamus to relator-appellee, Shawn M. Corder, requiring respondents to credit, pursuant to R.C. 2967.191, the proper number of days that he was confined because of the offense for which he was convicted and sentenced. Relator is an inmate of the Pickaway Correctional Institution, of which respondent George W. Wilson is superintendent. Relator was convicted upon a guilty plea to one count of forgery and was sentenced by the Hamilton County Court of Common Pleas to a term of one and one-half years' imprisonment. When relator violated the terms of his probation, the probation was revoked, and the original sentence of one and one-half years was reimposed. Pursuant to Crim.R. 32.2, the trial court made a determination that relator should be credited "with credit for two hundred and eighty-two days served."

Respondents refuse to utilize this figure and, instead, are willing to credit only one hundred and twenty-one days' credit for confinement pursuant to R.C. 2967.191.

The complaint alleges that, at the time he pled guilty and the original sentence was suspended, and he was placed on probation, he was given credit for forty-five days' confinement served and ordered to serve an additional fifty days in the custody of the Hamilton County Sheriff. A copy of the order is attached to the complaint. Relator further alleges in his complaint that, on December 8, 1988, he was ordered to serve another one hundred and eighty days' confinement because of a parole violation. A copy of that order also is attached to the complaint and provides essentially that:

" * * * [D]efendant continued on probation as previously ordered on December 8, 1988 [*sic*] with the condition that the defendant serve One Hundred Eighty (180) days in the Custody of the Hamilton County Sheriff. * * * "

It was not until June 1990 that probation was revoked, and the balance of the sentence ordered executed.

Respondents have neither answered nor otherwise challenged the accuracy and authenticity of the trial court orders attached to the complaint. Respondents did belatedly file a motion for summary judgment as did relator. The trial court granted relator's motion for summary judgment and overruled that of respondents.

Respondents, in support of their motion for summary judgment, filed two affidavits. One was an affidavit of its records clerk for the Pickaway Correctional Institution, who is responsible for recording credit earned for confinement served prior to arrival at the institution. Apparently this clerk assumes that she, not the trial court, makes the calculation of the time served. She determined that relator was entitled to only one hundred and twenty-one days of jail time served, despite admitting that she had in her possession the judgment entry making a judicial determination that the proper credit was two hundred and eighty-two days served. She predicated this determination by ignoring not only the trial court determination but, also, a statement from the sheriff as to time served, which states: "Per judgment entry, Judge Nadel credit given for 282 days on 6–5–90." The form contains some additional information, with the statement that: "Time frames listed are the only days served under the control of this office," being apparently the office of the Hamilton County Justice Center.

Respondents' records clerk looked to the specific time frames listed and made her calculation, ignoring the actual certification of two hundred and eighty-two days. Also attached to her affidavit is a copy of a letter she sent

to an assistant attorney general, who is counsel herein, indicating that she would not use the days stated in the sheriff's letter and further indicating that "Mr. Corder stated to me that he was at the Prospect House, 682 Hawthorn Avenue, Cincinnati, Ohio, but this time cannot be used as it is not on the Department's approved listed facilities used as credit." Also attached to respondents' motion for summary judgment is the affidavit of the chief executive officer of respondent Ohio Adult Parole Authority, who states that:

" * * * I have determined that the Prospect House, located at 682 Hawthorn Avenue, Cincinnati, Ohio, is not a community based correctional facility and program or a district community based correction facility and program as defined in Ohio Administrative Code Section 5120:1–5–01 and as mentioned in Ohio Revised Code Section 2967.191."

Respondents' misapprehension of the law is revealed by the phraseology of the single assignment of error raised, as follows:

"The Court of Common Pleas erred in denying the appellants' motion for summary judgment because the Adult Parole Authority and not the court has exclusive authority to determine jail time credit."

█ Contrary to the assumption of respondents, there is no discretion in the Adult Parole Authority with respect to giving jail-time credit but, instead, a mandatory duty to reduce the minimum and maximum sentence or definite sentence in accordance with R.C. 2967.191, which provides as follows:

"The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or sanity, confinement in a community based correctional facility and program or district community based correctional facility and program, and confinement while awaiting transportation to the place where he is to serve his sentence."

Since July 1, 1983, this section has read as set forth above. Prior thereto, an offender was not entitled to such credit unless the Adult Parole Authority chose to grant such credit upon recommendation of the sentencing court. At that time, there was a discretion in the Adult Parole Authority, but such discretion has been replaced by a mandatory duty by the 1983 amendment to R.C. 2967.191. The uncontroverted evidence before us shows that relator was granted with forty-five days' pretrial jail-time credit. In addition, he was

required to serve fifty days' confinement in the custody of the Hamilton County Sheriff as one of the terms of his original probation.

▉ Additionally, after a probation violation hearing, probation was continued, but defendant was required to serve an additional one hundred and eighty days in the custody of the Hamilton County Sheriff. These days total two hundred and ninety-five days' confinement as ordered by the trial court. For whatever reason, only two hundred and eighty-two days were found by the trial court to have been served sufficient to make a determination that credit should be given for the days. There is no evidence that relator was ever released from the confinement ordered by the common pleas court order in connection with probation, including the one hundred and eighty-days' confinement ordered in the custody of the Hamilton County Sheriff. The only evidence presented by respondents would tend to indicate that relator did not serve those days in the Hamilton County Justice Center. However, he was placed, by order of the common pleas court, in the custody of the Hamilton County Sheriff for one hundred and eighty days. Regardless of how and where the sheriff chose to keep relator in custody, he nevertheless would be confined within the purview of R.C. 2967.191, there being no evidence that the sheriff violated the court order and released relator from custody prematurely. Nor is there evidence that the trial court modified its order with respect to confinement of relator.

Respondents suggest that part of the time that relator was confined was at the Prospect House in Cincinnati and refuse to credit that time because the department has not approved the facility. Some justiciable issue might be raised if the common pleas court had ordered relator confined at the Prospect House in light of the provision of R.C. 2967.14(A), that:

" * * * The court of common pleas that placed an offender on probation may require him to reside in a halfway house or other suitable community residential center that is designated by the court and that has been licensed by the authority pursuant to division (C) of this section during a part or for the entire period of the offender's probation."

However, the order herein is not an order that relator reside at the Prospect House but, instead, that he remain in the custody of the Hamilton County Sheriff for a period of one hundred and eighty days. If the sheriff confined relator at the Prospect House instead of the county jail, such time is nevertheless confinement pursuant to the court order. R.C. 2967.191 does not provide that confinement credit shall be given only if the person is confined in a facility licensed by respondent Adult Parole Authority but, instead, provides

that the sentence shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced." If relator was confined pursuant to the trial court orders, he is entitled to credit.

As noted above, the trial court obviously made some determination since it did not give the full amount of time ordered served as credit but granted only two hundred eighty-two days' credit, which included the time that relator was incarcerated pending revocation of probation.

Respondents contend to the effect that they are free to ignore the determination of the common pleas court and make their own determination based upon inquiries, rather than any type of more formal administrative determination. They cite no authority for the contention under present law but, instead, rely upon cases as to the law prior to 1983 under which the Adult Parole Authority was granted discretion whether to grant a reduction and sentence upon certification and recommendation of the trial judge. Because of the apparent unconstitutionality of such statute, the General Assembly enacted the present law, placing a mandatory duty upon the Adult Parole Authority to reduce sentences by the number of days a prisoner had previously been confined for the same offense.

■ The law has been and is still clear that, although the Adult Parole Authority is the body who credits the time served, it is the sentencing court who makes the determination as to the amount of time served by the prisoner before being sentenced to imprisonment in a facility under the supervision of the Adult Parole Authority. Crim.R. 32.2(D) provides that:

" * * * In addition, if the defendant is committed to a penal or reformatory institution, the court shall forward a statement of the number of days confinement which the defendant is entitled by law to have credited to his minimum and maximum sentence."

Thus, procedurally, the common pleas court must make a factual determination as to the number of days' credit to which the prisoner is entitled by law. In addition, R.C. 2949.12 provides that:

" * * * [A] convicted felon who is sentenced to serve a term of imprisonment in a state penal institution shall be conveyed * * * by the sheriff * * * to the facility that is designated by the department of rehabilitation and correction * * *. The sheriff shall * * * present the managing officer with a copy of the convicted felon's sentence that clearly describes each offense for which the felon was sentenced * * * designates the sentence imposed for each

offense * * * *and pursuant to section 2967.191 of the Revised Code, specifies the total number of days, if any, that the felon was confined, for any reason, prior to conviction and sentence.* * * * The clerk of the court of common pleas shall furnish the copies of the sentence * * *."* (Emphasis added.)

This information is required to be included within the sentence itself, which is the journal entry of the trial court imposing the sentence.

■ It is a clear legislative intent that the trial court's determination be the basis for granting credit pursuant to R.C. 2967.191. In this case, the Adult Parole Authority attempts to rely not upon the sentence containing the proper information but, instead, upon a communication from the Hamilton County Sheriff indicating the number of days that relator was confined in a particular institution, in addition to describing the determination of the common pleas court. Such paper from the sheriff is not the copy of the sentence contemplated by R.C. 2949.12, including the pertinent information, nor the certification by the trial court in the journal entry of sentence, as required by Crim.R. 32.2.

■ There is simply no statutory provision conferring a right upon the Adult Parole Authority to ignore the trial court determination of the number of days and to substitute its own in complying with the mandate of R.C. 2967.191. The only authority cited by respondents is authority that it is the duty of the Adult Parole Authority to grant presentence-confinement-time credit, rather than that of the trial judge, since the duty of the judge is merely to determine the number of days' confinement to which the prisoner is entitled to have credited. Once the trial court has performed this duty by determining the number of days for which the prisoner is entitled to credit, the trial court has fulfilled its duty, with the duty of granting the credit being upon the Adult Parole Authority.

■ Although not directly argued by respondents, implicit in their contentions is the possibility that the sentencing judge may make an erroneous determination. This is always a possibility as to any determination, and the proper remedy is either direct appeal or a motion for correction by the trial court, if it be a mistake rather than an allegedly erroneous legal determination. See Crim.R. 57(B) and Civ.R. 60. The record reflects that respondents did seek such relief from the Hamilton County Common Pleas Court, but that court denied such relief. Respondents, however, did not appeal to the appro-

priate court of appeals from the trial court determination but, instead, wish to attack collaterally the determination of the Hamilton County Court of Common Pleas in this case in the Franklin County Court of Common Pleas and upon appeal to this court.

There can be no collateral attack upon the factual determination of the Hamilton County Court of Common Pleas as to the number of days relator was confined prior to being sentenced to be imprisoned in an institution of the Department of Rehabilitation and Correction. We must remain mindful that respondents are a state officer and a state agency and, as such, represent the state. It also was the state who prosecuted and convicted relator of the offense. The state is bound by the determination of the Hamilton County Court of Common Pleas, and respondents as agents of the state are likewise bound. In addition, there is no authority for them to ignore the express judicial determination of the Hamilton County Court of Common Pleas and to substitute their own inclinations predicated upon informal procedures.

Since it is clear that respondents have a clear legal duty under R.C. 2967.191 to give relator credit for the presentence-confinement time as determined and certified by the Hamilton County Court of Common Pleas, the assignment of error is not well taken. Respondents have raised no other issue upon appeal and, accordingly, affirmance of the trial court judgment is appropriate.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MARTIN, JJ., concur.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.