OPINION
On October 23, 1995, appellant, David Kohler, pled guilty to one count of robbery in violation of R.C. 2911.01 and one count of felonious assault with a firearm specification in violation of R.C. 2903.11 and R.C. 2941.141. By judgment entry filed October 25, 1995, the trial court sentenced appellant to five to fifteen years on each count, to be served concurrently, plus a three year consecutive term for the firearm specification. The trial court ordered these sentences to be served consecutively to a sentence imposed by the Commonwealth of Kentucky. A sentence imposed by the State of Tennessee was not addressed by the trial court.
On December 2, 1996, appellant filed a notice of appeal. By opinion and judgment entry filed April 18, 1997, this court affirmed the trial court's sentence, but ordered the Ohio sentence to be served concurrent to the Tennessee sentence due to the trial court's silence on the issue.
On August 11, 1997, appellant filed a motion for jail time credit. By judgment entry filed October 9, 1997, the trial court denied said motion.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRORED BY DENYING APPELLANT'S MOTION FOR JAIL TIME CREDIT IN VIOLATION OF OHIO REVISED CODE 2967.191, AND EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 2.
 I
Appellant claims the trial court erred in denying him "jail time " credit. We disagree.
R.C. 2967.191 governs reduction of prison term for prior confinement and states as follows:
 The adult parole authority shall reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
Although it is the adult parole authority's duty to reduce the term of incarceration by the number of days served prior to sentencing, it is the responsibility of the sentencing court to determine the amount of days for which such credit may be extended. State ex rel. Corder v. Wilson (1991),68 Ohio App.3d 567. Appellant argues he is entitled to jail time credit for the time spent in Fairfield County Jail under extradition from the State of Tennessee (August 1, 1995 to October 23, 1995).
Appellant has been incarcerated in the State of Tennessee since July 1, 1988 to date. Appellant's Ohio sentence is to run concurrent with this Tennessee sentence. Such sentence gives appellant credit on both sentences while incarcerated in the State of Tennessee.
As stated in State v. Callender (February 4, 1992), Franklin App. No. 91AP-713, unreported, under Crim.R. 32.2(D) and R.C.2967.191, a trial court is not required to recognize duplicate or multiple pretrial detention credit. As noted in appellee's brief, appellant has received credit for pretrial detention on his Tennessee sentence. Appellant was serving his Tennessee sentence when he was brought to Ohio on the case sub judice. The time spent in Ohio was not pretrial detention because he was given credit for the time in Tennessee.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.