OPINION
On November 16, 1998, the relator, Karl Basie, commenced this mandamus action against the respondent, the Cuyahoga County Common Pleas Court, to compel the court to grant him the proper jail time credit in the underlying cases, State v. Basie,
Cuyahoga County Common Pleas Court Case Nos. CR-361135 and CR-360246. He maintains that he is entitled to 112 days of credit, but that he only received credit for four days. The dockets for the two underlying cases reveal that on September 14, 1998, and October 13, 1998, he moved the respondent for jail time credit.
On December 16, 1998, the respondent moved for summary judgment on the grounds of mootness. Attached to the dispositive motion were copies of certified journal entries in the underlying cases, granting Mr. Basie ninety days credit in Case No. Cr. 360246 and ninety days credit in Case No. Cr. 361135. These journal entries establish that the respondent has fulfilled its duties, to rule on the outstanding motions and to state explicitly in a journal entry the number of days jail credit to which Mr. Basie is entitled. State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567, 589 N.E.2d 113. Mr. Basie has or had an adequate remedy at law via appeal to contest further the number of days credited.
Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese
(Jan. 18, 1996), Cuyahoga App. No. 70077. unreported and State exrel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Accordingly, this mandamus action is moot. The court grants the respondents motion for summary judgment and denies the writ. Costs assessed against relator.
ANN DYKE, J., CONCURS.
JAMES M. PORTER, ADMINISTRATIVE JUDGE.