Relator avers that he was confined in the Broadview Heights jail for sixteen days in State v. Asberry, Cuyahoga County Court of Common Pleas Case No. CR-387075. Relator complains that he has not received jail time credit for this period. Relator requests that this court compel "Broadview Heights along with Parma Municipal Court and/or the Cuyahoga County Court of Common Pleas to assign credit for confinement pursuant to Ohio Revised Code 2967.191." Complaint, par. 1.
The record reflects that service of process has been effected on Parma Municipal Court only. As a consequence, the motion to dismiss of Broadview Heights is granted. Likewise, this court lacks personal jurisdiction over the court of common pleas.
Additionally, the complaint is "fatally deficient" because relator failed to comply with Civ.R. 10 (A) requiring that the complaint include the names and addresses of all parties.State ex rel. Sherrills v. State (Aug. 3, 2000), Cuyahoga App. No. 78261, unreported, at 4, appeal to the Supreme Court of Ohio pending as Case No. 00-1658.
Parma Municipal Court argues that relator's complaint fails to state a claim for relief. We agree. "In State ex rel. Corderv. Wilson (1991), 68 Ohio App.3d 567, 572, 589 N.E.2d 113, the court ruled that the sentencing court makes the determination as to the amount of time served by the prisoner before being sentenced." State ex rel. Hussing v. Court of CommonPleas (Oct. 1, 1998), Cuyahoga App. No. 74891, unreported, at 3. The court of common pleas is the sentencing court. Relator has not, therefore, established a clear legal duty for Parma Municipal Court to grant relator jail time credit. As a consequence, the motion to dismiss of the Parma Municipal Court is granted.
Furthermore, relator failed to comply with Loc.App.R. 45 (B) (1) (a), which requires that complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the details of the claim."
We also note that relator:
did not file an R.C. 2969.25 (A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25 (C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.
State ex rel. Hunter v. Cuyahoga Cty. Court of CommonPleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420.
Accordingly, we deny relator's request for relief in mandamus and dismiss this action as to all respondents. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58 (B).
Writ dismissed.
TERRENCE O'DONNELL, J CONCURS
 ANN DYKE ADMINISTRATIVE JUDGE