JOURNAL ENTRY AND OPINION
On November 27, 2001, the relator, Joseph Agee, commenced this mandamus action against the respondent Judge Judith Kilbane Koch to compel rulings on motions for jail time credit which he filed on August 28, 2001 in the underlying cases, State of Ohio v. Joseph Agee, Cuyahoga County Common Pleas Court Case Nos. CR-342195 and 341348. For the following reasons, this court denies the application for mandamus, sua sponte.
As established by the attached journal entries the subject motions have been resolved. The court granted seventy-five days of jail time credit in Case No. CR-341348 and thirty-six days of jail time credit Case No. Cr. 342195. Thus, this mandamus action is moot. The rulings on the motions have fulfilled the court's duty and granted the relator all the relief he could obtain through mandamus. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Neyv. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. In the instant case, the court has exercised its discretion by ruling on the motions and granting a specified amount of jail time credit. If the relator believes the rulings are incorrect, he has or had a remedy by means of appeal or a motion for correction directed to the trial court. State ex rel. Corderv. Wilson (1991), 68 Ohio App.3d 567, 589 N.E.2d 113 and State ex rel.Campbell v. Judge Corrigan (Sept. 20, 2001), Cuyahoga App. No. 79525, unreported.
Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported. The relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus.State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594 and State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285, 685 N.E.2d 1242.
Accordingly, the court denies the writ. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
PATRICIA A. BLACKMON. P.J. and COLLEEN CONWAY COONEY. J., CONCUR.