ORIGINAL ACTION JOURNAL ENTRY AND OPINION
On December 11, 2001, the relator, Anthony Wanner, commenced this mandamus action to compel the Cuyahoga County Common Pleas Court to rule on an October 9, 2001 motion for jail time credit in the underlying case, State v. Wanner, Cuyahoga County Common Pleas Court Case No. CR-396055. On January 8, 2002, the common pleas court moved for summary judgment on the grounds of mootness. Attached to the dispositive motion was a copy of a certified journal entry in the underlying case granting Wanner ninety days jail time credit. This journal entry establishes that the court has fulfilled its duties to rule on the outstanding motion and to state explicitly in a journal entry the number of days jail credit to which Wanner is entitled. State ex rel. Corder v. Wilson (1991),68 Ohio App.3d 567, 589 N.E.2d 113. Accordingly, this mandamus action is moot. This court grants the motion for summary judgment.
Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
The relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio ParoleBoard (1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alfordv. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
The petition is also defective because it is improperly captioned. Wanner styled this petition as "State of Ohio v. Anthony Wanner." R.C.2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270. Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court has held that this deficiency alone also warrants dismissal. State ex rel.Larry Calloway v. Court of Common Pleas of Cuyahoga County (Feb. 27, 1997), Cuyahoga App. No. 71699, unreported; State ex rel. Samuels v.Cleveland Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762, unreported; and State ex rel. White v. Villanueva (Oct. 6, 1993), Cuayhoga App. No. 66009, unreported.
Accordingly, the court denies the writ. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
PATRICIA A. BLACKMON, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.