JOURNAL ENTRY AND OPINION
On July 11, 2002, the relator, Gary Walker, commenced this mandamus action against the respondent, Judge Stuart Friedman, to compel the judge to grant him the proper jail time credit in the underlying case, State v. Walker, Cuyahoga County Common Pleas Court Case No. CR-398363. He maintains that he is entitled to 148 days of jail time credit. For the following reasons, this court dismisses this mandamus action as moot, sua sponte.
As shown by the attached journal entry from the underlying case, on April 5, 2002, the respondent granted Mr. Walker's motion for jail time credit and stated that Mr. Walker was entitled to 143 days of jail time credit. The ruling on the motion has fulfilled the court's duty and granted the relator all the relief he could obtain through mandamus. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. In the instant case the court has exercised its discretion by ruling on the motion and granting a specified amount of jail time credit. If the relator believes the rulings are incorrect, he has or had a remedy by means of appeal or a motion for correction directed to the trial court. State ex rel. Corder v. Wilson (1991),68 Ohio App.3d 567, 589 N.E.2d 113 and State ex rel. Campbell v. Judge Corrigan (Sept. 20, 2001), Cuyahoga App. No. 79525, unreported.
Accordingly, the court dismisses this case. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
FRANK D. CELEBREZZE, J. AND DIANE KARPINSKI, J., CONCUR.