OPINION
{¶ 1} Defendant-appellant, Kenneth Jay Wilson, appeals the denial of his motion requesting a modification of his jail-time credit. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} In 1989, appellant was sentenced to five to 15 years on two felony counts to be served consecutive to a 1987 sentence. The court granted appellant 220 days of jail-time credit against his sentence.
 {¶ 3} In November 2001, appellant moved to reduce his credit from 220 to 172 days, arguing the trial court had erroneously calculated the number of days. The court gave the state an opportunity to correct the erroneous calculation. The state responded that it was satisfied with the amount of jail-time credit and did not see any reason to seek a future modification of that amount. The motion to reduce jail-time credit was denied.
 {¶ 4} On appeal, appellant presents two assignments of error, both of which claim the trial court erred in refusing to reduce his credit by 48 days.
 {¶ 5} "[A]s a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits." State v.Hill, 70 Ohio St.3d 25, 29, 1994-Ohio-12. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 6} For offenses committed prior to July 1, 1996, R.C. 2967.191
grants the adult parole authority the ability to confer jail-time credit for days spent in jail prior to trial. The sentencing court makes the determination as to the amount of time served by the prisoner prior to being sentenced and committed to imprisonment in a facility under the supervision of the adult parole authority. State ex rel. Corder v.Wilson (1991), 68 Ohio App.3d 567, 572.
 {¶ 7} In the case at bar, the trial court acted pursuant to Crim.R. 32.2 which, prior to a 1998 amendment, provided as follows:
 {¶ 8} "(D) * * * In addition, if the defendant is committed to a penal or reformatory institution, the court shall forward a statement of the number of days confinement which the defendant is entitled by law to have credited to his minimum and maximum sentence."
 {¶ 9} The trial court made the determination that appellant should receive 220 days of jail-time credit, whereas appellant contends he should receive only 172 days. The trial court gave the state an opportunity to correct the allegedly erroneous calculation, but the state responded that it was satisfied with the amount of credit and refused to pursue a modification.
 {¶ 10} Appellant maintains that the calculation should be corrected now in order to prevent his subsequent re-incarceration after he is released to complete the 48 days of erroneously credited time. Given the applicable law, however, the state cannot compel appellant to serve additional time once his sentence is complete.
 {¶ 11} "Corder undoubtedly stands for the proposition that the APA is not free to disregard the factual findings of the trial court as to whether a criminal defendant was or was not confined, and cannot reduce
confinement credit that is clearly an unambiguously stated in a sentencing order." (Emphasis in original.) State v. Heddleston, Columbiana App. Nos. 98 CO 29, 98 CO 37, 98 CO 46, 2001-Ohio-3391, at ¶ 32, citing Corder, at 574.
 {¶ 12} Thus, the trial court's clear and unambiguous grant of 220 days of jail-time credit cannot be subsequently reduced. We therefore conclude that the trial court, acting within the statutory limits of R.C. 2967.191 and Crim.R. 32.2(D), did not abuse its discretion in making a reasonable determination as to appellant's jail-time credit or refusing to reduce the amount of appellant's credit.
 {¶ 13} Appellant's assignments of error are overruled.
 {¶ 14} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.