OPINION
¶ 1 Defendant-appellant, Brian Camp, appeals a decision of the Clinton County Court of Common Pleas denying a motion to correct his jail credit time. We reverse and remand the case to the trial court to determine and credit appellant with the appropriate amount of jail-time credit.
¶ 2 Appellant was arrested on August 29, 1992 on charges of compelling sexual conduct by force or threat of force. He remained in jail after his conviction for sexual battery until he was transported to prison on November 25, 1992. Appellant was released on shock probation, but was arrested and placed in jail when he violated the terms of his probation. His probation was revoked and he was returned to prison on November 10, 1993.
¶ 3 Appellant filed a request for jail-time credit on February 8, 2002. He requested credit for both the time he was in jail until he was transported to jail for the sexual battery conviction and for the time spent in jail related to the probation violation charge. The trial court denied the motion. Appellant appeals the trial court's decision, raising the following single assignment of error:
 ¶ 4 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN REFUSING TO GRANT ALL OF THE JAIL TIME CREDIT HE WAS ENTITLED TO IN HIS MOTION REQUESTING JAIL TIME CREDIT."
 ¶ 5 In his motion to the trial court, appellant requested credit for a total of 95 days spent in jail. In its decision, the trial judge noted that he was not the original sentencing judge. The trial court found that appellant had already been credited for time spent while he was awaiting transfer to prison in the probation violation case and denied the motion.
¶ 6 On appeal, appellant contends that the trial court failed to correct the record to credit him for the time he spent in jail while awaiting trial and transportation to prison on the sexual battery charges. We have reviewed the record and find no evidence that appellant was ever credited for the time he spent in jail prior to his trial and transfer to prison on the sexual battery conviction. The record contains a warrant which states that appellant was arrested on August 29, 1992. The record also contains a warrant to convey appellant to prison on November 25, 1992. Nothing in the record indicates that appellant was released from jail at any time during this period. The entry sentencing appellant to prison on the sexual battery conviction does not contain any mention of jail-time credit. The only mention of any jail credit in the record is in the trial court's entry revoking appellant's probation and remanding him to prison. This jail-time credit appears to have been granted for time appellant spent in jail while awaiting the probation violation hearing.
¶ 7 At the time of appellant's conviction, Crim.R. 32.2(D) stated:
¶ 8 "[I]f the defendant is committed to a penal or reformatory institution, the court shall forward a statement of the number of days confinement for which the defendant is entitled by law to have credited to his minimum and maximum sentence."
¶ 9 The journal entry imposing sentence must specify the number of days, if any, the defendant was confined prior to conviction and sentence. State v. Hesler (Sept. 13, 1993), Warren App. No. CA93-03-030.
¶ 10 The trial court in this case failed to credit appellant with the number of days he spent in jail before his conviction on sexual battery charges and transfer to prison. Appellant filed a motion for correction of the trial court's omission pursuant to State ex rel. Corderv. Wilson (1991), 68 Ohio App.3d 567. We find that the trial court erred in denying this motion, and remand the case to the trial court to determine and credit appellant with the correct number of days spent while awaiting trial and transfer to prison on the sexual battery charges.
¶ 11 Judgment reversed. We remand this case to the trial court for further proceedings according to law and consistent with this opinion.
POWELL, P.J., and VALEN, J., concur.