OPINION
{¶ 1} This is a delayed appeal from the judgment entered by the Mahoning County Court of Common Pleas denying Terry M. Cook's ("Appellant") motion for a sentence reduction. Although we conclude that Appellant is not eligible for a reduction in his sentence, the trial court failed to record the specific jail time credit to which Appellant was entitled in the orders reflecting Appellant's sentence. Thus, while the trial court's denial of Appellant's motion requesting a sentence reduction is affirmed, we hereby remand the matter to the trial court to assess the number of days for which Appellant should receive sentencing credit.
 {¶ 2} In June of 1992, a grand jury indicted Appellant, charging him with rape, kidnapping, and aggravated robbery in connection with a carjacking that occurred the previous spring. During that incident, Appellant and an accomplice took turns beating and sexually assaulting a woman at gunpoint before tossing her from her vehicle in Mill Creek Park. Police arrested Appellant on January 4, 1993, and he was subsequently reindicted and assigned Case Number 93 CR 638. Appellant remained in custody pending his trial, which concluded in jury verdicts of guilty on all counts. On July 16, 1993, the trial court sentenced Appellant to concurrent prison terms of twelve to twenty-five years and assessed him credit for time served pending trial. Rather than specifying the number of days to be credited, the trial court merely noted the credit should be, "as designated by the Sheriff of Mahoning County." (Judgment Entry, July 16, 1993, p. 2). This court affirmed Appellant's underlying conviction in State v. Cook (July 28, 1997), 7th Dist. No. 93 C.A. 152.
 {¶ 3} On September 23, 1993, Appellant pleaded no contest to three counts of aggravated robbery stemming from an unrelated indictment issued on January 22, 1993, Case Number 93 CR 6. This indictment was released while Appellant was in custody under Case Number 93 CR 638 for the carjacking incident. It alleged that Appellant committed three separate armed robberies in December, July and August of 1992. In the wake of the no contest plea, the trial court imposed concurrent terms of fifteen to twenty-five years in prison on all three counts and further ordered that Appellant serve this sentence consecutively to the twelve to twenty-five year term imposed in Case Number 93 CR 638.
 {¶ 4} On April 11, 2000, Appellant filed a pro se motion seeking a reduction of his sentence pursuant to R.C. § 2953.08 and the appointment of counsel. On April 17, 2000, the trial court denied the motion. Appellant filed a notice of appeal on August 22, 2000, along with a letter asking this Court to excuse the delay in filing and appoint counsel to represent him.
 {¶ 5} On November 15, 2001, this court granted Appellant's request. Appellant now maintains the following:
 {¶ 6} "THE TRIAL COURT ERRED IN OVERRULING TERRY COOK'S MOTION FOR SENTENCE REDUCTION. (93-CR-6 R.67 93-CR-638 R. 67)."
 {¶ 7} Appellant appears to have abandoned the claim on which he based his motion for a sentence reduction. Appellant now maintains instead that under R.C. § 2967.191, he should receive credit for time served while awaiting his conviction and sentence, without specifying which conviction and sentencing. While Appellant was not eligible for a sentence reduction under any reading of R.C. § 2953.08, there is no question that he is entitled to credit for time served pending conviction and sentencing in Case No. 93 CR 638, his first conviction.
 {¶ 8} Appellant sought a reduced sentence based on his assertion that he had changed his behavior. According to Appellant, "I'm requesting a Sentence Reduction, because I'm ready to be the man I know I can be. I'm ready to live a productive and civilized life and raise my children, I've missed enough of their life already." (Motion to Reduce Sentence, April 11, 2000). R.C. § 2953.08, as it existed at the time Appellant filed his motion, allowed the defendant to seek a modification of a sentence imposed under the felony sentencing guidelines only in certain well-defined and limited circumstances. That provision did not allow for a sentence reduction based on a convict's subjective belief that he was rehabilitated.
 {¶ 9} As noted above, however, on appeal Appellant dropped his claim to a sentence reduction under R.C. § 2953.08. In its place, Appellant simply maintains that the trial court failed to accord him credit for time served in pretrial or presentencing detention.
 {¶ 10} It is the trial court's responsibility to properly calculate the amount of days for which such credit may be given. Statev. Carroll, 5th Dist. No. 01 CA 48, 2002-Ohio-764; citing, State ex rel.Corder v. Wilson (1991), 68 Ohio App.3d 567. Since the provisions are mandatory, the trial court's failure to properly calculate such credit and include it in the body of the sentencing order is plain error. SeeState v. Hawkins (April 9, 1999), 2nd Dist. No. 98 CA 6 at *7; and Statev. Hinzman (June 18, 1986), 8th Dist. Nos. 50829, 50830 at *5.
 {¶ 11} R.C. 2967.191 mandates that the Department of Rehabilitation and Corrections reduce a prisoner's sentence and eligibility for parole (where applicable) in the following manner:
 {¶ 12} "[B]y the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve [his] prison term."
 {¶ 13} R.C. 2945.08(C) defines the term "confinement" in pertinent part as follows:
 {¶ 14} "The jailer, administrator, or keeper in charge of a jail or workhouse shall reduce the sentence of a person delivered into his custody * * * by the total number of days the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where he is to serve his sentence."
 {¶ 15} Appellant's pretrial detention on the first conviction clearly falls within this definition.
 {¶ 16} R.C. 2949.12, which addresses the calculation of time, conveyance, and incarceration assignments of convicted felons exclusively, is also applicable here. This section states that the prisoner's sentencing order should also reflect, "* * * pursuant to section 2967.191 of the Revised Code * * * the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence." R.C. 2949.12.
 {¶ 17} A plain reading of the applicable law supports Appellant's claim that he is entitled to credit for time spent in custody pending his trial, conviction and sentencing and that the trial court should have assessed such credit in 93 CR 638. Because, however, the trial court imposed the sentence in Case No. 93 CR 6, his second conviction, consecutively to the sentence Appellant received in Case No. 93 CR 638, Appellant is not entitled to credit for both cases. While Appellant may have been detained almost simultaneously on two separate criminal cases, he does not receive pretrial detention credit on both. State v. Peck, 10th Dist. Nos. 01AP-1379, 02AP-146; 2002-Ohio-3889, P10. It is well settled that a defendant held and later sentenced on multiple offenses has no right to multiply his single period of pretrial confinement by the number of convictions entered against him. See State v. Callender (Feb. 4, 1992), 10 Dist. No. 91AP-713; and State v. Clark (Dec. 21, 2001), 11th Dist. No. 1002-A-0042. To allow a defendant to claim such double credit would in effect reward him for committing additional crimes. State exrel. Spikes v. Court of Common Pleas (July 18, 1997), 11th Dist. No. 96-L-215; citing, Callender, supra.
 {¶ 18} The record reflects that Appellant was arrested in connection with the carjacking on January 4, 1993. Appellant remained in custody in Case No. 93 CR 638 until his sentencing on July 16, 1993. Appellant should receive credit for that time. Although Appellant was not sentenced in Case No. 93 CR 6 until September 23, 1993, he is not entitled to credit in connection therewith because the reason he was being held was that he had already begun serving time in Case No. 93 CR 638, his first conviction for carjacking.
 {¶ 19} Consequently, this Court hereby affirms the decision of the Court of Common Pleas denying Appellant's motion for a reduction of sentence. However, we must remand this matter to the trial court for a calculation of credit to which Appellant is entitled under R.C. 2967.191
because the record is unclear as to Appellant's whereabouts and whether credit was given for his entire period of incarceration prior to sentencing in his first conviction and whether he was credited for any time he served locally prior to being transported from the local facilities.
Donofrio, J., and DeGenaro, J., concurs.