OPINION
{¶ 1} This case is a habeas corpus action in which petitioner, Terrence M. Tillis, seeks his immediate release from the Lake Erie Correctional Institution. As the general basis for his claim, petitioner has asserted that if he had been given proper credit for the time he was detain prior to his convictions, both of his concurrent sentences would have been completed in October 2002. For the following reasons, this court concludes that the habeas corpus petition must be dismissed because petitioner could have raised the "credit" issue in a direct appeal from the convictions.
 {¶ 2} Petitioner's present incarceration at the state prison is predicated on two convictions in the Mahoning County Court of Common Pleas for possession of cocaine. As the legal grounds for his habeas corpus claim, he has asserted that he is entitled to the writ because Richard Gansheimer, Warden of the Lake Erie Correctional Institution, no longer has any legal authority to detain him. Specifically, petitioner has asserted that his continuing incarceration is illegal because both respondents in this matter, Warden Gansheimer and Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Corrections, have failed to subtract from his basic sentence the time he was held in the Mahoning County Jail on the two charges.
 {¶ 3} Our review of the habeas corpus petition shows that petitioner's claim for relief is based upon the following factual allegations: (1) on October 4, 2001, petitioner was indicted on a single count of cocaine possession in Mahoning C.P. Case No. 01-CR-988; (2) when petitioner was arrested on this charge five days later, the police found cocaine in his possession at that time; (3) in light of the new discovery, the county grand jury issued a new single-count indictment against him one month later in Mahoning C.P. Case No. 01-CR-1020; (4) subsequent to his arrest on the first charge in October 2001, petitioner remained in the custody of the Mahoning County authorities until he entered separate pleas of guilty to the two charges in January 2002; and (5) after accepting the guilty pleas in both cases, the trial court sentenced petitioner to two concurrent terms of twelve months in the state prison.
 {¶ 4} In addition to the foregoing basic allegations, petitioner has attached to his petition copies of the trial count's sentencing judgments in both cases. A review of the judgment in case No. 01-CR-988 shows that the court expressly ordered that petitioner be given ninety days of jail-time credit for the days he was held prior to his conviction in that case. However, our review also indicates that the court's judgment in case No. 01-CR-1020 did not contain any reference to jail-time credit.
 {¶ 5} When petitioner's factual assertions are viewed as a whole, it is apparent that his habeas corpus claim is predicated upon the argument that, since his concurrent twelve-month terms began in January 2002, the granting of the ninety-day credit in case No. 01-CR-988 meant that he should have been released in October 2002. That is, it is petitioner's position that, even though the jail-time credit was awarded only in the first trial court case, respondents Gansheimer and Wilkinson were legally required to deduct the ninety days from both of the twelve-month terms so that he would only be obligated to serve approximately nine months for both convictions.
 {¶ 6} After reviewing all of the allegations in the instant petition and the attached documents, this court concludes that it is not necessary for us to address the question of whether petitioner was entitled to have the ninety-day credit subtracted from both of his sentences. Specifically, we hold that, even if a criminal defendant is legally entitled to a "double" credit under the circumstances of the instant case, any alleged error in the calculation of petitioner's credit cannot be reviewed in the context of a habeas corpus action because: (1) the determination of a jail-time credit lies within the province of the sentencing court; and (2) any error by the sentencing court can be contested only in a direct appeal from the sentencing judgment.
 {¶ 7} Initially, this court would note that prison officials, including the warden of the institution, have no discretion in relation to awarding jail-time credit to a prisoner in their custody. State exrel. Corder v. Wilson (1991), 68 Ohio App.3d 567, 572. Instead, the trial court in the underlying criminal case has the legal duty to calculate the number of days for which the defendant should be given credit as a result of his pre-conviction incarceration. State ex rel. Judd v. Ct. of CommonPleas (May 16, 1997), 11th Dist. No. 96-L-152, 1997 Ohio App. LEXIS 2127. Thus, whatever amount of credit the trial court awards in a particular case, the prison officials must use that amount in determining the release date for the defendant/prisoner. Corder.
 {¶ 8} In the instant case, the documents attached to the habeas corpus petition readily show that the Mahoning County trial court did not award petitioner any jail-time credit in case No. 01-CR-1020. Similarly, petitioner's own documents also indicate that, in granting him a ninety-day credit in case No. 01-CR-988, the trial court did not state in its sentencing judgment that the credit was also applicable to the twelve-month term in case No. 01-CR-1020. Under these circumstances, neither of the named respondents in this case had any duty to subtract any days from petitioner's twelve-month sentence under case No. 01-CR-1020. In turn, this means that petitioner would not be entitled to be released from the Lake Erie Correctional Institution until he has completed the entire twelve-month term under case No. 01-CR-1020.
 {¶ 9} In light of the foregoing case law, it follows that if any error occurred in the calculation of the jail-time credit for case No. 01-CR-1020, it was directly attributable to the Mahoning County trial court. In some instances, an error committed by a trial court can form the basis of a viable habeas corpus claim. However, under the circumstances of this case, petitioner cannot employ the instant action as a means for challenging the trial court's decision not to award any credit in case No. 01-CR-1020.
 {¶ 10} In order to be entitled to a writ of habeas corpus, a prisoner must generally be able to establish that his present incarceration is illegal because the trial court which rendered the conviction lacked jurisdiction over the criminal case. R.C. 2725.05;Wilson v. Rogers (1993), 68 Ohio St.3d 130,131. Stated differently, a writ of habeas corpus will not lie when the prisoner only asserts that the trial court committed a non-jurisdictional error in the underlying case, since such an error can be adequately reviewed in a direct appeal of the conviction. State ex rel. Dotson v. Rogers (1993), 66 Ohio St.3d 25,26. The sole exception to the "jurisdictional error" requirement is that a viable claim for the writ can be based on a non-jurisdictional error when there are no other adequate legal remedies the prisoner can pursue to protect his rights. State ex rel. Pirman v. Money (1994),69 Ohio St.3d 591, 593.
 {¶ 11} In applying the foregoing basic principles to habeas corpus cases in which the petitioner has alleged an error in the calculation of the jail-time credit, this court has indicated that such an error is not jurisdictional in nature. Butcher v. Gansheimer (Aug. 31, 2001), 11th Dist. No. 2001-A-0059, 2001 Ohio App. LEXIS 3918. As a result, when a habeas corpus claim is based on an alleged "credit" error, it can only be viable if the petitioner has no other adequate legal remedy to pursue. In relation to this latter issue, this court has further indicated that a direct appeal from the trial court's "credit" decision generally constitutes an adequate remedy which forecloses the use of a habeas corpus case as a means of contesting the merits of the "credit" decision. King v. Mitchell (Aug. 15, 1997), 11th Dist. No. 97-T-0033, 1997 Ohio App. LEXIS 3666. The King holding is based on the fact that if the trial court's decision is reversed on appeal, the petitioner will achieve the same result as he could have obtained in the habeas corpus action; i.e., his release from the state prison on the correct date.
 {¶ 12} In the instant case, if the Mahoning County trial court did indeed err in not granting petitioner a ninety-day credit in case No. 01-CR-1020, his maximum sentence in both underlying cases would have been only nine months. Although it usually takes at least twelve months after the filing of a direct appeal from a criminal conviction for an appellate court to render a decision in the matter, an appeal from the final judgment in case No. 01-CR-1020 could have been easily concluded within nine months because the subject matter of the appeal would have been relatively simple. Furthermore, after filing his notice of appeal to initiate the appellate process, petitioner could have moved the appellate court to place the matter upon the accelerated calendar to ensure a quick resolution of the matter.
 {¶ 13} Instead of following the foregoing basic procedure, petitioner did nothing to protect his rights until the filing of the instant case approximately eleven months after the Mahoning County trial court had rendered its judgments. In Butcher, supra, we held that a direct appeal of a "credit" decision will not be considered an "inadequate" remedy for purposes of a habeas corpus action simply because the prisoner waited too long to pursue the matter. Stated differently, if a prisoner's own dilatory behavior is the reason why he can no longer use a direct appeal as a means of protecting his rights, he cannot employ a habeas corpus action as a substitute for a direct appeal.
 {¶ 14} In reviewing a petition for a writ of habeas corpus, this court can dismiss the matter sua sponte if it appears beyond a reasonable doubt that the petitioner has failed to state a viable claim for relief. R.C. 2725.05. Pursuant to the foregoing analysis, we hold that the dismissal of the instant action is warranted because petitioner's own allegations are legally insufficient to satisfy the elements for a writ of habeas corpus. That is, even when petitioner's allegations are construed in a manner most favorable to him, they are insufficient to show that: (1) the Mahoning County trial court committed a jurisdictional error in the underlying cases; and (2) there was no other adequate legal remedy petitioner could pursue to protect his rights.
 {¶ 15} Accordingly, it is the sua sponte order of this court that petitioner's habeas corpus petition is dismissed.
DONALD R. FORD, P.J., JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.