JOURNAL ENTRY AND OPINION
{¶ 1} On January 7, 2003, the relator, Jonathan Klein, commenced this mandamus action to compel the Cuyahoga County Common Pleas Court to rule on a motion for jail time credit in the underlying case, State v.Klein, Cuyahoga County Common Pleas Court Case No. CR-395231. He maintains that he is entitled to an additional 94 days of credit, and that the court has not ruled on the subject motion.
 {¶ 2} On January 30, 2003, the respondent moved for summary judgment on the grounds of mootness. Attached to the dispositive motion was a copy of a certified journal entry in the underlying case, granting Mr. Klein 94 days of credit. This journal entry establishes that the court has fulfilled its duty to rule on the outstanding motion and that Mr. Klein has received his requested relief. State ex rel. Corder v.Wilson (1991), 68 Ohio App.3d 567, 589 N.E.2d 113. Mr. Klein never filed a response.
 {¶ 3} The court further notes that the mandamus petition was also deficient in a number of ways. Mr. Klein styled this petition as "State of Ohio v. Jonathan Klein — Motion to writ of mandamus." R.C. 2731.04
requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270. Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court has held that this deficiency alone also warrants dismissal. State ex rel.Larry Calloway v. Court of Common Pleas of Cuyahoga County (Feb. 27, 1997), Cuyahoga App. No. 71699; State ex rel. Samuels v. Municipal Court
(Nov. 22, 1994), Cuyahoga App. No. 67762; State ex rel. White v.Villanueva (Oct. 6, 1993), Cuayhoga App. No. 66009. Additionally, mandamus may not be commenced by motion. Myles v. Wyatt (1991),62 Ohio St.3d 191, 580 N.E.2d 1080.
 {¶ 4} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899. He also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zandersv. Ohio Parole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594
and State ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242.
 {¶ 5} Accordingly, this court grants the respondent's motion for summary judgment and dismisses this case. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 {¶ 6} MICHAEL J. CORRIGAN, P.J., and PATRICIA A. BLACKMON, J., CONCUR.