JOURNAL ENTRY AND OPINION.
{¶ 1} Through this mandamus action, Roland Bluford seeks to compel Judge Eileen Gallagher to rule on his "Motion to correct/modify journal entry filed October 7, 2002 pursuant to Criminal Rule 36 and Civil Rule 60(B)(5)" filed in his underlying case, State of Ohio v. RolandBluford.[1] The judge responded by moving for summary judgment on the grounds of mootness and attached a copy of the signed, file-stamped June 10, 2003 entry, denying Bluford's motion. This mandamus action is moot. The ruling on the motion has fulfilled the judge's duty and granted Bluford all the relief he could obtain through mandamus. The Writ may be used to compel a judge to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused.[2] Here the judge has exercised her discretion by denying Bluford's motion. If he believes the ruling is incorrect, he has or had a remedy by means of appeal.[3]
 {¶ 2} Accordingly, the court denies the writ. Costs assessed against Bluford. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
PATRICIA A. BLACKMON, P.J., CONCURS DIANE KARPINSKI, J., CONCURS
[1] Cuyahoga County Common Pleas Court Case No. CR. 360788.
[2] State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914.
[3] State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567,589 N.E.2d 113.