JOURNAL ENTRY AND OPINION
{¶ 1} On November 13, 2006, the relator, Fabian Quiles, commenced this mandamus action against the respondent, Judge Kenneth Callahan, to compel the judge to rule on a motion for jail time credit in the underlying case, State v. Quiles, Cuyahoga County Common Pleas Court Case No. CR-445034. He maintains that he filed the motion over nine months ago and that the judge has yet to rule on it.
 {¶ 2} On November 30, 2006, the respondent moved for summary judgment on the grounds of mootness. Attached to the dispositive motion was a copy of a November 16, 2006 journal entry in the underlying case, granting Quiles 123 days of credit. This journal entry establishes that the respondent has fulfilled his duty, to rule on the outstanding motion, and that Quiles has received his requested relief. State ex rel.Corder v. Wilson (1991), 68 Ohio App.3d 567, 589 N.E.2d 113. Quiles never filed a response.
 {¶ 3} Quiles also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. OhioParole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594 andState ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242.
 {¶ 4} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
ANN DYKE, P.J., and JAMES J. SWEENEY, J., CONCUR