[Cite as *Auls v. Richland Correctional Inst.*, 2011-Ohio-367.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL AULS

    Plaintiff

    v.

RICHLAND CORRECTIONAL INSTITUTION

    Defendant
    Case No. 2010-10866

Judge Alan C. Travis

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**{¶ 1}** On October 22, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). To date, plaintiff has not filed a response.

**{¶ 2}** Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** In his complaint, plaintiff alleges that in September 2008, he was sentenced to serve two years in prison after being convicted of domestic violence. According to plaintiff, a judge of the Summit County Court of Common Pleas failed to award him all of the jail-time credit that he was entitled to receive. As a result, plaintiff maintains that defendant held him for 58 days after his lawful sentence had expired.

**{¶ 5}** R.C. 2967.191 states, in part:

**{¶ 6}** "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."

**{¶ 7}** Plaintiff alleges a claim for false imprisonment under common law. False imprisonment occurs when a person confines another "'intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71, quoting 1 Harper & James, The Law of Torts (1956), 226, Section 3.7. See also *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109.

**{¶ 8}** In order to prevail on his claim of false imprisonment, plaintiff must show that: 1) his lawful term of confinement expired; 2) defendant intentionally confined him after the expiration; and 3) defendant had knowledge that the privilege initially justifying the confinement no longer existed. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318.

**{¶ 9}** Defendant contends that pursuant to the September 25, 2008 journal entry from the Summit County Court of Common Pleas, plaintiff was given credit for three days served and that defendant credited plaintiff with an additional six days served

before he was transferred into defendant's custody. (Defendant's Exhibit A.) Plaintiff's sentence expired on September 19, 2010, and plaintiff was released. Thus, defendant maintains that plaintiff was confined pursuant to a valid sentencing order. Defendant asserts it has no discretion in awarding jail-time credit and that it must follow the sentencing entry of the court. See *State ex rel. Corder v. Wilson* (1991), 68 Ohio App.3d 567.

{¶ 10} "There is simply no statutory provision conferring a right upon the Adult Parole Authority to ignore the trial court determination of the number of days and to substitute its own in complying with the mandate of R.C. 2967.191." Id. at 573.

{¶ 11} The Tenth District Court of Appeals has stated that "[t]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of one or more of the nonmoving party's claims for relief. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292. If the moving party satisfies this initial burden by presenting or identifying appropriate Civ.R. 56(C) evidence, the nonmoving party must then present similarly appropriate evidence to rebut the motion with a showing that a genuine issue of material fact must be preserved for trial. *Norris v. Ohio Standard Oil Co.* (1982), 70 Ohio St.2d 1,2. The nonmoving party does not need to try the case at this juncture, but its burden is to produce more than a scintilla of evidence in support of its claims. *McBroom v. Columbia Gas of Ohio, Inc.* (June 28, 2001), Franklin App. No. 00AP-1110." *Nu-Trend Homes, Inc. et al. v. Law Offices of DeLibera, Lyons & Bibbo et al.*, Franklin App. No. 01AP-1137, 2003-Ohio-1633.

{¶ 12} Plaintiff cannot prevail on an action for false imprisonment where defendant confined plaintiff pursuant to a valid entry recorded by the sentencing court. Upon review of the motion and the memoranda submitted by defendant, the court finds that there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment is GRANTED and judgment is

rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Kristin S. Boggs
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Paul Auls
732 Roscoe Avenue
Akron, Ohio 44306

SJM/cmd
Filed January 5, 2011
To S.C. reporter January 27, 2011