[Cite as *McCracken v. Ohio Dept. of Transp.-8*, 2010-Ohio-5222.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL K. MCCRACKEN

      Plaintiff

      v.

OHIO DEPT. OF TRANSPORTATION-8

      Defendant

      Case No. 2010-04718-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Michael K. McCracken, filed this action against defendant, Department of Transportation (ODOT), contending he suffered property damage as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on the entrance ramp to Interstate 75 from State Route 63 in Warren County. Plaintiff related he was traveling on the Interstate 75 North entrance ramp when "I hit a pothole and bent both of the aluminum wheels on the driver's side of my car." Plaintiff pointed out the section of roadway where his property damage incident occurred was located within a roadway construction area. Plaintiff recalled the described incident occurred on February 19, 2010. Plaintiff requested damage recovery in the amount of $1,000.00, the stated total cost of two replacement rims. The filing fee was paid.

{¶ 2} Defendant acknowledged the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, John R. Jurgensen Company (Jurgensen). Defendant explained the particular construction project "dealt with widening I-75 between Cincinnati-Dayton Road and SR 122 in Butler and Warren Counties." According to defendant, the

construction project limits "corresponds (to) state mileposts 21.0 to 32.0" on Interstate 75 and plaintiff's damage incident occurred at milepost 29.13, a location within the construction area limits. Defendant asserted that this particular construction project was under the control of Jurgensen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Jurgensen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove his damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also evidence has been submitted to establish that ODOT personnel were present on site conducting inspection activities.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant had the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

**{¶ 5}** Alternatively, defendant denied that neither ODOT nor Jurgensen had any notice of the particular pothole prior to plaintiff's property damage event. Defendant pointed out that ODOT records "indicate that no calls or complaints were received regarding a pothole prior to Plaintiff McCracken's incident." Defendant advised, "[i]t should be noted that this portion of I-75 has an average daily traffic volume between 73,320 and 93,130, however, no other complaints were received (regarding a roadway defect) prior to plaintiff's alleged incident." Defendant contended plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT and failed to produce evidence to establish his property damage was attributable to conduct on either the part of ODOT or Jurgensen. Defendant denied receiving any complaints before February 19, 2010 regarding a pothole on the Interstate 75 entrance ramp at approximate milepost 29.13

**{¶ 6}** Defendant submitted a letter from Jurgensen Project Manager, Kate Holden, who recorded she was notified of a pothole "at the end of the ramp from SR 63 to northbound I-75" on February 23, 2010 by an e-mail from Jurgensen Project Engineer, Mark Wilson, According to Holden, this pothole on the Interstate 75 entrance ramp was repaired on February 24, 2010.

**{¶ 7}** Plaintiff filed a response again locating the damage-causing pothole "on the ramp leading to NB I 75 from WB 63." Plaintiff did not produce any evidence to

establish the length of time the pothole existed prior to his February 19, 2010 damage occurrence. Plaintiff has not stated an approximate time on February 19, 2010 when his incident occurred.

{¶ 8} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 9} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no evidence that defendant had actual notice of the pothole condition. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶ 11} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard.*

{¶ 12} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 13} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown ODOT had constructive notice of the pothole.

{¶ 14} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to prove that his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL K. MCCRACKEN

   Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION-8

Defendant

Case No. 2010-04718-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Michael K. McCracken
2860 Kimberly Drive
Maineville, Ohio  45039

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
6/1
Filed 6/29/10
Sent to S.C. reporter 10/22/10