[Cite as *Batten v. Ohio Dept. of Transp.*, 2011-Ohio-5533.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GERALD BATTEN,

Plaintiff,

v.

OHIO DEPARTMENT OF TRANSPORTATION,

Defendant.

Case No. 2011-03596-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On January 24, 2011, at approximately 12:00 p.m., plaintiff, Gerald Batten, was traveling south on Interstate 75 "south of mile marker 52.8 where contractor Ruhlin Company is working" when he "hit a very large pothole." Plaintiff asserted the impact "broke the steel cords in passenger front tire and bent both factory alloy wheels on passenger side of my car." Plaintiff implied that the damage to the automobile was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in failing to maintain the roadway free of hazardous conditions. Plaintiff filed this complaint seeking to recover $1,609.63, which represents a replacement tire and wheels as well as related repair expenses. The filing fee was paid.

{¶ 2} Defendant explained that the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, The Ruhlin Company (Ruhlin). Defendant related that the particular construction project "dealt with grading, draining, paving with asphalt concrete and repair several structures in Montgomery County on I-75 between state mileposts 52.00

to 53.18." Plaintiff's damage incident occurred within the project limits.

**{¶ 3}** Defendant asserted that this particular construction project was under the control of Ruhlin and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Ruhlin, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Ruhlin is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove his damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval.

**{¶ 4}** For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶ 8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such

burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 6} Alternatively, defendant denied that either ODOT or Ruhlin had any notice "of the pothole on I-75 prior to plaintiff's incident." Defendant pointed out ODOT records "indicate that there were no complaints for potholes on I-75." Defendant argued that plaintiff failed to produce any evidence to prove the damage-causing pothole was attributable to any conduct on either the part of ODOT or Ruhlin. Defendant submitted documents which indicate Ruhlin was making pothole repairs on January 24, 2011, on I-75.

{¶ 7} In order to find liability for a damage claim occurring in a construction

area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 8} Ordinarily to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. There is no evidence to show that any construction activity caused the pothole.

{¶ 9} Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of

time that the pothole was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show that defendant had actual notice of the pothole. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the pothole.

{¶ 10} Despite the arguments raised in his response, plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to prove that his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Stoetzer v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2010-07156-AD, 2010-Ohio-6650; *Gaskins v. Dept. of Transp.*, Ct. of Cl. No. 2010-04904-AD, 2010-Ohio-6552.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GERALD BATTEN,                                          Case No. 2011-03596-AD

    Plaintiff,

    v.                                                        Acting Clerk Daniel R. Borchert

OHIO DEPARTMENT OF TRANSPORTATION,

    Defendant.                                             ENTRY OF ADMINISTRATIVE
                                                                         DETERMINATION

{¶ 11} Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Gerald Batten                                          Jerry Wray, Director
7-105 Wilson Street W.                           Department of Transportation
Ancaster ON.  Canada L9G1N4              1980 West Broad Street
                                                              Columbus, Ohio  43223

6/17
Filed 7/19/11
Sent to S.C. reporter 10/27/11