OPINION
{¶ 1} Defendant-appellant Grayland Pelfrey appeals from the trial court's rendering of default judgment pursuant to Civ. R. 37(D) and Civ. R. 37(B)(2)(c). This case arises from Pelfrey's failure to pay plaintiff-appellee Kentucky-Indiana Lumber Company ("Kentucky") for *Page 2 
$6,877.06 worth of building materials. Default judgment was entered as a discovery sanction against Pelfrey due to his failure to appear for noticed depositions and to answer or object to discovery requests.
 {¶ 2} We conclude that the trial court was correct in rendering default judgment as a discovery sanction pursuant to Civ. R. 37(D) and Civ. R. 37(B)(2)(c). Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Kentucky is a distributor of commercial and residential building materials based in Louisville, Kentucky. Grayland Pelfrey, d/b/a Remodeling Concepts, performs home construction and remodeling services in Springfield, Ohio. In May 2004, Pelfrey entered into a credit agreement with Kentucky in which he agreed to pay for lumber provided to Remodeling Concepts.
 {¶ 4} In April 2005, Kentucky filed suit against Pelfrey for action on account, breach of contract and unjust enrichment as a result of his failure to comply with the terms of the credit agreement. After a significant period of inactivity, the court filed an order requiring Kentucky to show cause or else the case would be dismissed. In June 2006, Kentucky filed a motion asking the court to enter default judgment as a discovery sanction against Pelfrey. Kentucky argued that default judgment was proper because Pelfrey had failed on more than one occasion to appear for a scheduled deposition, and also did not respond to its document production requests and interrogatories. Pelfrey asserted that default judgment was improper because he had appeared for a deposition, only to be turned away by Kentucky's counsel.
 {¶ 5} On August 21, 2006, the trial court entered default judgment as a discovery *Page 3 
sanction against Pelfrey. In rendering default judgment, the trial court found that Pelfrey had failed to appear for a deposition without justification and that he had otherwise evaded Kentucky's discovery requests. The court awarded Kentucky $6,877.06 plus interest, attorney's fees and costs. It is from this decision that Pelfrey appeals.
 II {¶ 6} Pelfrey's First Assignment of error is as follows:
 {¶ 7} Pelfrey, representing himself pro se, has failed to properly set out assignments of error for our review. In his brief, Pelfrey contends that the trial court erred by rendering default judgment based on erroneous information. It is his position that in the interest of justice, the default judgment should be vacated and the case be heard on its merits.
 {¶ 8} Default judgment was rendered as a discovery sanction pursuant to Civ. R. 37(D) and Civ. R. 37 (B)(2)(c). Civ. R. 37(D) stipulates that a party who fails to appear for a deposition, or to answer interrogatories, is subject to sanctions by the trial court, as is authorized under subsections (a), (b) and (c) of Civ. R. 37(B)(2). Civ. R. 37 (B)(2)(c) specifically provides that default judgment may be rendered against the disobedient party.
 {¶ 9} An appellate court must review discovery rulings made by a trial court under an abuse of discretion standard. Nakoff v. Fairview GeneralHospital (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1, 3. "Civ. R. 37(A) and (B) provide broad discretion to the trial court to impose sanctions for failure to comply with the trial court's discovery orders. However, the United States Supreme Court has held that the harsh remedies of dismissal and default should only be used when the * * * failure to comply has been due to * * * willfulness, bad faith or any fault of the petitioner." Toney v. Berkemer (1983), 6 Ohio St.3d 455, 458,453 N.E.2d 700, 702, *Page 4 
quoting Societe Internationale v. Rogers (1958), 357 U.S. 197, 212, 78 S. Ct. 1087, 1096.
 {¶ 10} Here, Pelfrey argues that the court's rendering of default judgment was based on erroneous information, specifically that he had failed to appear for properly noticed depositions. To support his position, Pelfrey relies on the affidavit of David R. Morse, an attorney who represented him in dealings with Kentucky's counsel, but never made an appearance on the record. In the affidavit, Morse avers that in August 2005, he discussed this case with Karl C. Kerschner, an attorney for Kentucky. Morse contends that during this discussion the parties mutually agreed to conduct Pelfrey's deposition on September 19, 2005 at 9:00 a.m. at the offices of Kerschner, which were located in Columbus, Ohio. Morse goes on to state that both he and Pelfrey were present at that time, but Kerschner refused to conduct the deposition. Pelfrey provides no other evidence to support his assertion that a deposition was scheduled for September 19, 2005.
 {¶ 11} In opposition, Kentucky asserts that it properly noticed Pelfrey's depositions on two occasions, neither of which was scheduled for September 19, 2005. First, it argues that Pelfrey's original deposition was scheduled for August 29, 2005, at which time Pelfrey failed to appear and provided no justification. Its position is that after this, a second notice of deposition was served on Pelfrey for his deposition which was to be held on November 4, 2005. Prior to this date, the parties mutually agreed to a deposition date of November 17, 2005, and an amended notice of deposition was served. The day before this scheduled deposition, Morse contacted Kentucky's counsel to inform them Pelfrey would not be attending this deposition. The next day, after Pelfrey failed to appear, Kentucky's counsel contacted Morse and was informed that Pelfrey did not appear because Morse saw no point in it and that Pelfrey simply *Page 5 
did not want to go. At no time did either Pelfrey or Morse seek a protective order from the court in regard to these depositions. Kentucky attached various correspondence between the parties to its motion for default as support for these assertions.
 {¶ 12} Kentucky's position is that no deposition was scheduled for September 19, 2005. Although Kentucky concedes that Pelfrey and Morse appeared on that day, Kerschner could not conduct a deposition due to other commitments. Furthermore, in addition to these notices of deposition, Pelfrey was served in August 2005 with a request for the production of documents and interrogatories. Pelfrey neither responded nor objected to these discovery requests.
 {¶ 13} We find it persuasive that no evidence, other than the affidavit of his attorney, was presented by Pelfrey to establish that the parties discussed September 19, 2005 as a possible deposition date. However, the correspondence provided by Kentucky did establish that depositions were properly noticed for August 29, 2005 and November 17, 2005. Again, no evidence was provided by Pelfrey to explain his failure to attend either of these depositions. Furthermore, Pelfrey provides no explanation for his failure to answer or object to Kentucky's request for the production of documents and interrogatories
 {¶ 14} We can find no abuse of discretion by the trial court. Default judgment is proper when the failure to comply with the discovery process is the fault of the party against whom it is rendered. Toney, supra. Pelfrey is solely to blame for his failure to attend the noticed depositions and to answer or object to discovery requests. Previously, we have found an abuse of discretion where the party against whom default judgment was rendered as a discovery sanction provided justification for his absence at a deposition through a letter from his doctor. Edwards v. Edmonds, Clark App. No. 2002-CA-17, 2003-1030. Here, Pelfrey has failed to *Page 6 
provide any justification for his absence from the two properly noticed depositions or why he failed to answer or object to the discovery requests. For these reasons Pelfrey's contention that the lower court's decision was based on erroneous information lacks merit. Thus, we find that the trial court did not abuse its discretion in rendering default judgment against Pelfrey pursuant to Civ. R. 37(D).
 {¶ 15} Pelfrey's First Assignment of Error is overruled.
 III {¶ 16} Pelfrey's Sole Assignment of Error being overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J. and GRADY, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1