DECISION AND JUDGMENT ENTRY
{¶ 1} Todd D. Elkins appeals the judgment of the Hocking County Common Pleas Court, which revoked his community control and imposed the original 18-month prison sentence. On appeal, Elkins contends that the trial court violated his due process rights when it denied his motion to dismiss the state's request to revoke his community control because the court failed to conduct a preliminary hearing. We agree that the trial court erred. However, because, pursuant to Crim.R. 52(A), Elkins must show prejudicial error, we find the error harmless. Elkins next contends that the trial court erred when it granted him 97 days of jail time credit, instead of 124 days, as of December 15, 2006. Because prior to September 15, 2006, a Franklin County judge placed Elkins in the Franklin *Page 2 
County Jail on other unrelated charges, we disagree. Accordingly, we overrule Elkins' two assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} A Hocking County Grand Jury indicted Elkins for possessing a weapon while under disability, a felony of the third degree, in violation of R.C. 2923.13. Elkins pled guilty to an amended charge of attempting to possess a weapon while under disability, a felony of the fourth degree. The court sentenced Elkins to prison for 18 months, suspended the sentence, and placed him on community control for five years.
 {¶ 3} Later, officers in Franklin County charged Elkins with certain crimes and arrested him. The prosecutor in Hocking County then filed a motion to revoke Elkins' community control. The prosecutor alleged that Elkins violated four terms of his community control: "1. Condition #1: Defendant failed to follow State/local law, to-wit: on or about 7/29/06 defendant was arrested in Franklin County for new criminal activity. 2. Condition #2: Defendant failed to keep his supervising officer informed of his residence/place of employment. 3. Condition #5: Defendant failed to follow verbal/written orders of his supervising officer and/or the Court. 4. Condition #8: Defendant failed to report any arrest, citation of a violation of law, conviction or any other contact with a law enforcement officer, to-wit: on or about 7/29/06 defendant had law enforcement contact and failed to notify supervising officer."
 {¶ 4} Because the two Franklin County Municipal Court cases remained pending, the Hocking County Sheriff did not have the right to take Ekins into *Page 3 
custody right away. He finally took custody of Elkins on September 15, 2006, and transported him from the Franklin County Jail to the Hocking County Jail. On September 25, 2006, Elkins made his first appearance in court regarding the prosecutor's request to revoke his community control. Elkins appeared without counsel and denied he violated his community control. Elkins also requested counsel. The court set bond and scheduled the revocation hearing for November 15, 2006.
 {¶ 5} On October 23, 2006, Elkins, through his counsel, moved the court to dismiss the prosecutor's motion to revoke his community control. Elkins alleged that the court failed to hold a preliminary hearing as required by law.
 {¶ 6} The trial court continued the November 15 hearing because Elkins was not available because he had been transported back to the Franklin County Jail, apparently for court proceedings in Franklin County . The court reset the revocation hearing for December 1, 2006.
 {¶ 7} On December 1, the court first heard oral arguments regarding Elkins' motion to dismiss. The court implicitly overruled the motion by proceeding with the revocation hearing. At the conclusion of the hearing, the court found that Elkins had violated two terms of this community control, i.e., conditions #5 and #8. The court set December 15, 2006, for sentencing.
 {¶ 8} At the sentencing hearing, the court revoked Elkins community control and imposed the original 18-month sentence. The court credited Elkins for the 92 days that he spent in jail for this case, but not for the unrelated cases in Franklin County. *Page 4 
 {¶ 9} Elkins filed a motion to correct his jail time credit from 92 days to 124 days. The court denied the motion. However, later, the court, through a nunc pro tunc entry, changed the 92 days to 97 days of jail time credit.
 {¶ 10} Elkins appeals the trial court's judgment and asserts the following two assignments of error: I. The trial court erred when it denied his motion to dismiss. And, II. The trial court erred when it denied his motion to correct his jail time credit.
 II. {¶ 11} Elkins contends in his first assignment of error that the trial court denied him due process during the proceedings, which led to the revocation of his community control. Specifically, Elkins asserts that the trial court did not afford him a preliminary "probable cause" hearing.
 {¶ 12} "We review questions of law de novo." Cuyahoga Cty. Bd. ofCommrs. v. State, 112 Ohio St.3d 59, 2006-Ohio-6499, ¶ 23.
 {¶ 13} In Morrissey v. Brewer (1972), 408 U.S. 471, the United States Supreme Court delineated certain minimum requirements of due process for parole revocation proceedings. The court then held, in Gagnon v.Scarpelli (1973), 411 U.S. 778, that these requirements also applied to probation revocation proceedings. Likewise, these same requirements apply to community control revocation proceedings. See, e.g., State v.Boling, Athens App. No. 01CA30, 2001-Ohio-2629.
 {¶ 14} A defendant under community control is entitled to both a preliminary and a final revocation hearing. See Gagnon at 782. The preliminary hearing is a *Page 5 
"probable cause" hearing to determine if a defendant violated any terms of his community control. See Morrissey at 485. Because a substantial time lag usually exists between the arrest and the revocation hearing, the preliminary hearing avoids an unjust incarceration. See id. In addition, "a preliminary probable cause hearing should be held before an independent decision maker, `as promptly as convenient after arrest while information is fresh and sources are available.'" State v.Delaney (1984), 11 Ohio St.3d 231, 233, citing Morrissey.
 {¶ 15} Here, Elkins' arrest occurred on September 15, 2006, and the court scheduled his revocation hearing for November 15, 2006. On October 23, 2006, Elkins, through his counsel, moved the court to dismiss the allegations against him because the court failed to hold a timely preliminary hearing.
 {¶ 16} Elkins never explained to the trial court or this court how he was prejudiced. Elkins has shown "error," but that is not enough. Elkins must show "prejudicial error." See Crim.R. 52 (stating, "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.").
 {¶ 17} The closest Elkins comes to hinting of prejudice is his statement in his brief that the sixty days between his arrest and the first scheduled revocation hearing "is not as promptly as convenient after arrest while information is fresh and sources are available." However, this bare hint of prejudice is "not supported by any evidence in the record." Delaney at 234. Elkins' never alleged that he could not use certain evidence because it was no longer fresh or that a certain witness was no longer available. In addition, the trial court found that he violated two terms of his community control and credited Elkins with jail time, including *Page 6 
the sixty days between his arrest and the first scheduled hearing. Therefore, after considering the two purposes of the preliminary hearing (unjust incarceration and fresh information/available sources), we find that Elkins has failed to show that the trial court's error prejudiced him.
 {¶ 18} Accordingly, we overrule Elkins' first assignment of error.
 III. {¶ 19} Elkins contends in his second assignment of error that the trial court erred when it granted him less than 124 days of jail time credit, as of December 15, 2006. The crux of Elkins' contention is that a judge in Franklin County mistakenly ordered a warrant for his arrest in another case for his failure to appear. The judge's mistake was that he thought that Elkins was in the Hocking County Jail, instead of the Franklin County Jail. Because of this mistake, Elkins claims that he should receive credit for the days he spent in the Franklin County Jail for the two other unrelated cases that were pending in Franklin County.
 {¶ 20} A trial court must make a factual determination of the number of days credit to which a prisoner is entitled by law. See Ohio Adm. Code 5120-2-04(B). Therefore, we must uphold the trial courts findings of fact if the record contains competent, credible evidence to support them. See, e.g., State v. Miller, Washington App. No. 06CA57,2007-Ohio-6909, ¶ 12.
 {¶ 21} R.C. 2967.191 provides that the Adult Parole Authority (hereinafter "APA") must reduce a prisoner's sentence "by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced." However, R.C.2967.191 merely directs the APA to *Page 7 
implement time credit based on the trial court's determination.State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567, 573. The trial court must determine the number of days by which the prisoner's sentence should be reduced. Id.
 {¶ 22} Ohio Adm. Code 5120-2-04(B) provides: "The sentencing court determines the amount of time the prisoner served before being sentenced. The court must make a factual determination of the number of days credit to which the prisoner is entitled by law and, if the prisoner is committed to a penal or reformatory institution, forward a statement of the number of days confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence."
 {¶ 23} While Ohio Adm. Code 5120-2-04(B) requires the trial court to determine jail time credit, it does not require the trial court to issue findings regarding its determination. Rather, "[u]pon becoming aware of the defendant's eligibility for time served, the trial court may validate the information any way it feels appropriate, so long as it is done. For example, the sentencing court may ask the sheriff to validate the information or it may on its own calculate the time." State v.Flynn (Mar. 28, 1997), Meigs App. No. 96CA10, quoting State v.Humes (Apr. 25, 1996), Cuyahoga App. No. 69127.
 {¶ 24} Ohio Adm. Code 5120-2-04(H) describes the manner in which a prisoner may challenge the trial court's determination of credit due as follows: "A party questioning either the number of days contained in the journal entry or the record of the sheriff shall be instructed to address his concerns to the court or *Page 8 
sheriff. Unless the court issues an entry modifying the amount of jail time credit or the sheriff sends the institution corrected information about time confined awaiting transport, no change will be made."
 {¶ 25} Here, Elkins properly requested the court to correct its calculation of his jail time credit. See id. The trial court denied his request. However, the court later issued a nunc pro tunc entry changing the jail time credit from 92 days to 97 days as of December 15, 2006.
 {¶ 26} We find that Elkins is not entitled to additional jail time credit. The statute clearly provides for a credit only when the confinement arises "out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191. Elkins seeks credit for confinement arising out of unrelated offenses in another county. However, the time Elkins spent in the Franklin County Jail does not count under R.C. 2967.191, as it was due to different offenses. Therefore, the trial court did not err when it refused to grant Elkins request for a credit of jail time for the unrelated offenses.
 {¶ 27} Accordingly, we overrule Elkins' second assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and that Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
 Harsha, J.: Not Participating. *Page 1