[Cite as *Coleman v. Davis*, 2011-Ohio-506.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| CAROLYN S. COLEMAN, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 10CA5 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| JACK D. DAVIS, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant, | : | |
| | : | |
| and | : | |
| | : | File-stamped date: 2-1-11 |
| Nationwide Mutual Insurance Company, | : | |
| | : | |
| Defendant-Appellee. | : | |

---

APPEARANCES:

Jack D. Davis, pro se, for Defendant-Appellant Jack D. Davis.

John C. Cahill, Columbus, Ohio, for Defendant-Appellee Nationwide Mutual's Insurance Company.[1]

Michael L. Eisner, Elk & Elk Co., Ltd., Mayfield Heights, Ohio, for Plaintiff-Appellee Carolyn S. Coleman.

---

Kline, J.:

{¶1}     Jack D. Davis (hereinafter "Davis"), appeals the judgment of the Jackson County Court of Common Pleas, which granted default judgments in favor of Carolyn S. Coleman (hereinafter "Coleman") and Nationwide Mutual Insurance Company (hereinafter "Nationwide").  After Coleman sued Davis and Nationwide, Nationwide filed

---

[1] Despite the language of the trial court's judgment entry, this party's proper name appears to be Nationwide Mutual Insurance Company.

a cross-claim against Davis.  On appeal, Davis claims that Nationwide did not have standing to assert its cross-claim.  We disagree for two reasons.  First, because Davis failed to raise the issue of standing at the trial court level, he has waived this issue on appeal.  And second, because Davis failed to provide a transcript of the relevant hearing, we must presume the validity of the lower court proceedings.  Davis also contends that the trial court erred in failing to rule upon his request for a jury trial.  Because the trial court did not abuse its discretion by granting default judgments for Coleman and Nationwide, we disagree.  Accordingly, we overrule Davis's assignments of error and affirm the judgment of the trial court.

I.

{¶2}      On May 11, 2006, Coleman was involved in an automobile accident.  She described the accident as follows: "I was [driving] around the curve.  When I got around the curve, this man [Davis] was standing in front of me with his arms going up and down.  I had no idea what was going on.  So I swerved to miss him.  When I did, the car started going around.  I don't remember because I got knocked unconscious.  When I c[a]me to, the car was on its top and the car was still running."  Deposition of Carolyn Coleman at 16.  At the time of the accident, Coleman had motor vehicle insurance coverage through Nationwide.

{¶3}      On May 7, 2008, Coleman filed a complaint against "John Does 1 through 5," Davis, and Nationwide.  In her complaint, Coleman alleged that Davis "was negligently and/or recklessly directing traffic, thereby causing [Coleman] to swerve her motor vehicle to avoid hitting defendant, lose control of her vehicle and strike a fence in the

Township of Jefferson, Jackson County, Ohio." Coleman also claimed that she had the right to recover under her insurance policy with Nationwide.

{¶4}    In his answer to Coleman's complaint, Davis denied that he acted either negligently or recklessly at the time of the accident.

{¶5}    Nationwide also answered Coleman's complaint and, in addition, filed a cross-claim against Davis. In its cross-claim, Nationwide alleged that it was "entitled to subrogation and/or reimbursement from [Davis] for any amount paid or to be paid." Answer and Cross-Claim of Defendant Nationwide at 5.

{¶6}    Davis did not respond to Nationwide's cross-claim. Davis also failed to appear for his deposition or respond to any of the other parties' numerous discovery requests.

{¶7}    On October 6, 2009, Nationwide filed a Motion For Default Judgment, Sanctions, and to Assess Liability Against Defendant, Jack Davis. Davis did not respond to Nationwide's motion. Instead, on October 22, 2009, Davis filed a request for a jury trial.

{¶8}    On December 21, 2009, Coleman filed a Motion For Sanctions and Default Judgment Against Defendant Jack Davis. Davis did not respond to Coleman's motion, either. In fact, before filing this appeal, Davis filed nothing other than (1) his answer to Coleman's complaint and (2) his request for a jury trial.

{¶9}    On January 18, 2010, the trial court notified the parties of an impending Oral Hearing on Plaintiff's Motion for Sanctions and Default. Although we do not have a transcript from this hearing, we assume that the hearing took place based on the parties' briefs.

{¶10}     Eventually, the trial court granted default judgments to both Coleman and Nationwide because Davis had "failed [1.] to plead, answer, or otherwise respond to Plaintiff's discovery, [2.] to answer Nationwide['s] cross-claim, and [3.] to participate in this lawsuit[.]"  April 5, 2010 Judgment Entry.  As such, the trial court ordered Davis to pay $74,635.83 in damages.  (Under the trial court's judgment entry, both Coleman and Nationwide are to receive a portion of the $74,635.83.)

{¶11}     Davis appeals and asserts the following two assignments of error: I. "Nationwide Mutual has no standing in the Case No. [08PI0009] in which Carolyn S. Coleman is the plaintiff and Jack D. Davis is the defendant."  And, II. "The defendant[']s request for a jury trial was never addressed.  There was not even a notice that the request had been acted on yes or no."

II.

{¶12}     Initially, we must note a deficiency in Davis's appellate brief.  That is, Davis's appellate brief does not comply with App.R. 16(A)(7), which provides: "The appellant shall include in its brief, under the headings and in the order indicated, all of the following: * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.  The argument may be preceded by a summary."  However, Davis has cited no authority in support of his assignments of error – not a single statute, case, or treatise.

{¶13}     "'If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.'"  *Thomas v. Harmon*, Lawrence App. No. 08CA17, 2009-

Ohio-3299, at ¶14, quoting *State v. Carman*, Cuyahoga App. No. 90512, 2008-Ohio-4368, at ¶31. "'It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.'" *Catanzarite v. Boswell*, Summit App. No. 24184, 2009-Ohio-1211, at ¶16, quoting *Kremer v. Cox* (1996), 114 Ohio App.3d 41, 60. Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.*, Gallia App. No. 07CA4, 2008-Ohio-2194, at ¶12. See, also, App.R. 16(A)(7); App.R. 12(A)(2); *Albright v. Albright*, Lawrence App. No. 06CA35, 2007-Ohio-3709, at ¶16; *Tally v. Patrick*, Trumbull App. No. 2008-T-0072, 2009-Ohio-1831, at ¶21-22; *Jarvis v. Stone*, Summit App. No. 23904, 2008-Ohio-3313, at ¶23; *Oldacre v. Oldacre*, Ross App. No. 08CA3073, 2010-Ohio-1651, at ¶35 (Kline, J., with one judge concurring in judgment only).

**{¶14}**     We understand that Davis has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, Franklin App. No. 06AP-116, 2006-Ohio-3316, at ¶9. See, also, *State v. Hall*, Trumbull App. No. 2007-T-0022, 2008-Ohio-2128, at ¶11. But here, we also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, Cuyahoga App. No. 86154, 2005-Ohio-6494, at ¶4 (internal quotation omitted). Because we find some semblance of compliance in Davis's brief, we will consider his assignments of error. See, e.g., *State v. Paulsen*, Hocking App. Nos. 09CA15 & 09CA16, 2010-Ohio-806, at ¶7 (addressing a pro se appellant's

first-and-second assignments of error "in the interest of justice") (Kline, J., with one judge concurring in judgment only).

III.

**{¶15}**    In his first assignment of error, Davis contends that Nationwide "had no standing in [Case No. 08PI0009] Court of Common Pleas of Jackson County, Ohio." Appellant's Complying Brief at 3.  Essentially, Davis claims that he was not an "uninsured motorist" as defined by Coleman's policy with Nationwide.  Instead, Davis claims that he was a "Good Samaritan" and, as a result, that Nationwide had "no reason to seek relief from the defendant[.]"  Appellant's Complying Brief at 3.

**{¶16}**    In addressing Davis's argument, we first note that "'[s]tanding' is defined as a 'party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.*, 124 Ohio St.3d 390, 2010-Ohio-169, at ¶19, quoting *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, at ¶27 (other internal quotation omitted). "'Whether established facts confer standing to assert a claim is a matter of law.'" *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, at ¶23, quoting *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, at ¶90.  "'We review questions of law de novo.'"  *State v. Elkins*, Hocking App. No. 07CA1, 2008-Ohio-674, at ¶12, quoting *Cuyahoga Cty. Bd. of Commrs.* at ¶23; see, also, *Bridge v. Midas Auto Experts #322*, Cuyahoga App. No. 94115, 2010-Ohio-4681, at ¶6 ("The question of standing is an issue of law, which we review de novo.") (citation omitted).

**{¶17}**    Davis bases his first assignment of error on the premise that he was not an uninsured motorist.  Nationwide, however, did not mention uninsured motorist coverage

in its cross-claim against Davis.  Instead, Nationwide alleged that it was entitled to "subrogation, indemnity and/or contribution" because of Davis's primary negligence in causing the accident.  Answer and Cross-Claim of Defendant Nationwide at 4-5. Therefore, Davis bases his first assignment of error on a flawed premise.  See, generally, *Corn v. Whitmere*, 183 Ohio App.3d 204, 2009-Ohio-2737, at ¶35 ("In the insurance context, subrogation is the 'principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy.'"), quoting Black's Law Dictionary (7 Ed.1999) (other internal quotation omitted).

**{¶18}** Furthermore, in the proceedings below, Davis never raised the issue of standing.  He was responsible for just two filings at the trial court level: (1) an answer to Coleman's complaint and (2) a request for a jury trial.  Davis did not raise the issue of standing in either of these filings.  "Thus, this issue [of standing] is considered waived on appeal." *Presutti v. Pyrotechnics By Presutti*, Belmont App. No. 02-BE-49, 2003-Ohio-2378, at ¶8.

**{¶19}** And finally, Davis failed to provide a transcript of the Oral Hearing on Plaintiff's Motion for Sanctions and Default.  In relevant part, App.R. 9(B) provides: "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk."  Because Davis bears the burden of demonstrating error by reference to matters in the record, he has a duty to provide a transcript of the proceedings. *Pryor v. Pryor*, Ross App. No. 09CA3096, 2009-Ohio-6670, at ¶24.

"When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199. See, also, *Pryor* at ¶24. Therefore, even if the parties did address Nationwide's standing during the Oral Hearing on Plaintiff's Motion for Sanctions and Default, we must presume the validity of the lower court proceedings. See *Knapp* at 199.

**{¶20}** Accordingly, for the foregoing reasons, we overrule Davis's first assignment of error.

IV.

**{¶21}** In his second assignment of error, Davis contends that the trial court erred in failing to rule upon his request for a jury trial. "[M]otions that a trial court fails to explicitly rule upon are deemed denied once a court enters final judgment." *Savage v. Cody-Ziegler, Inc.*, Athens App. No. 06CA5, 2006-Ohio-2760, at ¶28. Therefore, we construe Davis's second assignment of error in the following manner: that the trial court erred in granting default judgments for Coleman and Nationwide instead of granting Davis a jury trial.

**{¶22}** "We will not reverse a trial court's decision to enter a default judgment absent an abuse of discretion." *Motorists Mut. Ins. Co. v. New*, Gallia App. No. 01CA6, 2001-Ohio-2647, citing *Huffer v. Cicero* (1995), 107 Ohio App.3d 65, 74; see, also, *Discover Bank v. Schiefer*, Franklin App. No. 09AP-1178, 2010-Ohio-2980, at ¶5; *Kentucky-Indiana Lumber v. Grayland Pelfrey/Remodeling Concepts*, Clark App. No. 2006 CA 100, 2007-Ohio-6137, at ¶¶9, 14 (using an abuse-of-discretion standard to review a

default judgment under Civ.R. 37(D)). An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶23}** The trial granted Coleman a default judgment because Davis, in part, "failed to * * * respond to [Coleman's] discovery" requests. April 5, 2010 Judgment Entry. "Civ.R. 37(D) stipulates that a party who fails to appear for a deposition, or to answer interrogatories, is subject to sanctions by the trial court, as is authorized under subsections (a), (b) and (c) of Civ.R. 37(B)(2). Civ.R. 37(B)(2)(c) specifically provides that default judgment may be rendered against the disobedient party." *Kentucky-Indiana Lumber* at ¶8. Here, it is undisputed that Davis failed to appear for his deposition. In fact, Davis failed to respond to any of Coleman's or Nationwide's various requests for discovery. Therefore, from the record before us, the trial court may have been warranted in rendering a default judgment for Coleman. See, generally, *Huntington Natl. Bank v. Zeune*, Franklin App. No. 08AP-1020, 2009-Ohio-3482, at ¶26-29 (upholding a default judgment that the trial court imposed as a discovery sanction).

**{¶24}** Additionally, the trial court granted Nationwide a default judgment because Davis, in part, "failed to * * * answer [Nationwide's] cross-claim[.]" April 5, 2010 Judgment Entry. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court [for a judgment by default.]" Civ.R. 55(A). Here, it is undisputed that Davis failed to (1) answer Nationwide's cross-claim or (2) otherwise respond to Nationwide's various filings.

Therefore, from the record before us, the trial court may have been warranted in rendering a default judgment for Nationwide.

**{¶25}** Finally, we again note that Davis failed to provide a transcript of the Oral Hearing on Plaintiff's Motion for Sanctions and Default. Without a transcript from this hearing, Davis cannot demonstrate that the trial court abused its discretion in granting the default judgments. See, generally, *Kentucky-Indiana Lumber* at ¶9 (stating that "'the harsh remedies of dismissal and default should only be used when the * * * failure to comply has been due to * * * willfulness, bad faith or any fault of the petitioner'"), quoting *Toney v. Berkemer* (1983), 6 Ohio St.3d 455, 458 (omissions sic) (other internal quotation omitted). If Davis had legitimate reasons for his failures to respond, they are not in the record before us. Therefore, we must presume that the trial court acted within its sound discretion. See, e.g., *St. Germaine v. St. Germaine*, Greene App. No. 2009 CA 28, 2010-Ohio-3656, at ¶14 ("[W]e are unable to review the record to determine whether or not the trial court abused its discretion because [the appellant] did not file a transcript of the hearing."); *Estep-Baker v. Baker*, Vinton App. No. 06CA651, 2007-Ohio-2423, at ¶9 ("[The appellant's] arguments require us to examine the transcript in order to ascertain whether the trial court * * * abused its discretion[.]").

**{¶26}** Accordingly, we find that the trial court did not abuse its discretion by granting default judgments for Coleman and Nationwide. And as a result, the trial court did not err in denying Davis's request for a jury trial. Therefore, we overrule Davis's second assignment of error. Having overruled both of his assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, P.J. and Abele, J.:  Concur in Judgment & Opinion.

For the Court

BY:_____
     Roger L. Kline, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**