[Cite as *State v. Blackburn* , 2011-Ohio-4624.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 :   Case No. 10CA46
                                        :
    vs.                                 :   **Released:  September 2, 2011**
                                        :
WILLIAM H. BLACKBURN,                   :   <u>DECISION AND JUDGMENT</u>
                                        :   <u>ENTRY</u>
    Defendant-Appellant.                :

_____

<u>APPEARANCES</u>:

Michael D. Hess, Circleville, Ohio, for Appellant.

Judy C. Wolford, Pickaway County Prosecutor, and Matthew L. O'Leary, Pickaway County Assistant Prosecutor, Circleville, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Appellant William H. Blackburn appeals his conviction in the Pickaway County Court of Common Pleas after a jury convicted him of: burglary, a second degree felony in violation of R.C. 2911.12(A)(2); failure to comply with an order or signal of a police officer, a fourth degree felony in violation of R.C. 2921.331(B); theft, a fifth degree felony in violation of R.C. 2913.02(A)(1); and receiving stolen property, a fifth degree felony in violation of R.C. 2913.51(A). Appellant raises a single assignment of error, arguing the trial court erred by not merging his convictions for burglary, theft, and receiving stolen property as allied

offenses of similar import. Having reviewed the record, we find the trial court failed to merge the offenses and sustain Appellant's assignment of error. Accordingly, we reverse the trial court's judgment.

FACTS

{¶2} On July 20, 2010, two males entered the residence of Aaron Ridenour ("Ridenour") in Pickaway County, Ohio and removed an LG brand 52-inch flat-screen television. Ridenour's son was home while this occurred and he called the police, informing them the two men left in a small, red vehicle.

{¶3} Law enforcement came upon Appellant's small, red vehicle. Appellant was driving with a male passenger, and there was a power cord hanging from the car's rear door, dragging the ground.

{¶4} The Sheriff Deputy behind Appellant turned on his vehicle's overhead lights to initiate a traffic stop, but Appellant continued driving for nearly two miles. Appellant's reason for failing to pull over immediately was he knew he would be going to jail and wanted to inform his mother where he and the vehicle would be. Inside the rear of the vehicle was Ridenour's stolen television.

{¶5} Despite the circumstantial evidence, Appellant maintained he was not one of the two men who entered the Ridenour home and stole the television. Rather, two men called Appellant and insisted he take a television to Columbus and pawn it. These other men, who coincidentally also drove a small red car, met

Appellant at a local gas station and transferred the television from their red car to his.

{¶6} The grand jury indicted Appellant for burglary, failure to comply with an order or signal of a police officer, theft, and receiving stolen property. Both the theft and receiving stolen property charges related to the television. After a trial, the petit jury found Appellant guilty of all counts within the indictment.

{¶7} Prior to sentencing, the trial court merged Appellant's convictions for theft and receiving stolen property, but maintained the separate conviction for burglary. Appellant now appeals.

### ASSIGNMENT OF ERROR

I.      "THE TRIAL COURT DID ERR BY FAILING TO MERGE
        ALLIED OFFENSES OF SIMILAR IMPORT."

### LEGAL ANALYSIS

{¶8} In his sole assignment of error, Appellant argues the trial court should have merged his convictions for burglary, theft, and receipt of stolen property. The state concedes Appellant's argument. We agree and sustain Appellant's assignment of error.

{¶9} When determining whether multiple offenses should have merged under R.C. 2941.25, "[o]ur standard of review is *de novo*." *State v. Buckta* (Nov. 12, 1996), 4th Dist. No. 96 CA 3. See, also, *Coleman v. Davis*, 4th Dist. No. 10CA5, 2011-Ohio-506, at ¶ 16 ("We review questions of law de novo."), quoting

*State v. Elkins,* 4th Dist. No. 07CA1, 2008-Ohio-674, at ¶ 12, quoting *Cuyahoga*

*Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d

330, at ¶ 23.

{¶10} R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute

two or more allied offenses of similar import, the indictment or information may

contain counts for all such offenses, but the defendant may be convicted of only

one.

"(B) Where the defendant's conduct constitutes two or more offenses of

dissimilar import, or where his conduct results in two or more offenses of the same

or similar kind committed separately or with a separate animus as to each, the

indictment or information may contain counts for all such offenses, and the

defendant may be convicted of all of them."

{¶11} As the Supreme Court explained in *State v. Johnson*, 128 Ohio St.3d

153, 2010-Ohio-6314, 942 N.E.2d 1061, under R.C. 2941.25, "the court must

determine prior to sentencing whether the offenses were committed by the same

conduct." *Johnson* at ¶ 47. The initial question is whether it is possible to commit

the two offenses with the same conduct. *Johnson* at ¶ 48. If so, we must then look

to the facts of the case and determine whether the two offenses actually were

committed by the same conduct, "i.e., 'a single act, committed with a single state

of mind.'"  *Johnson* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50.  "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged."  *Johnson* at ¶ 50.

{¶12} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge."  *Johnson* at ¶ 51.

{¶13} R.C. 2911.12(A), which prohibits burglary, provides:

"(A) No person, by force, stealth, or deception, shall do any of the following:

"* * *

"(2) Trespass in an occupied structure * * * when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."

R.C. 2913.02, which addresses theft, provides:

"(A) No person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * in any of the following ways:

"(1) Without the consent of the owner or person authorized to give consent."

{¶14} R.C. 2913.51(A), addressing receiving stolen property, provides, "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶15} Here, it is possible to commit the offenses of burglary, theft, and receiving stolen property with the same conduct. One can trespass in an occupied structure with the intent to commit a theft (burglary), actually commit the theft (theft), and retain the stolen property (receiving stolen property).

{¶16} Answering the first question in the affirmative, we then look to whether the burglary, theft, and receipt of stolen property were actually committed by the same conduct, "a single act, committed with a single state of mind." They were.

{¶17} The theory of the state's case was Appellant trespassed inside the Ridenour residence with the intent to steal the television, stole the television, and retained it. Though Appellant maintained otherwise, the jury found he did just that when it convicted him of all counts within the indictment. The state concedes while it is theoretically possible to commit these acts separately, under the facts of this case, Appellant committed all three subject crimes with a single act. Thus, the trial court should have merged the offenses of burglary, theft, and receiving stolen property.

{¶18} Accordingly, we sustain Appellant's assignment of error and reverse the trial court's judgment of conviction and remand for sentencing. *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 25. We note "[t]he state * * * retains the right to elect which allied offense to pursue on sentencing on a remand to the trial court after an appeal." *Whitfield* at ¶ 21. See, also, *State v. Murphy*, 4th Dist. No. 09CA3311, 2010-Ohio-5031, at ¶ 97.

**JUDGMENT REVERSED AND THE CAUSE REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. and Kline, J. : Concur in Judgment and Opinion.

For the Court,


BY:    _____
        Matthew W. McFarland, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**